```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

   UNITED STATES OF AMERICA    :
                               :
        v.                     :  Crim. No. 3:09-cr-00267 (AWT)
                               :
   JUAN ALVAREZ                :
```

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

For the reasons set forth below, defendant Juan Alvarez's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act (Compassionate Release) (ECF No. 1256) is hereby DENIED.

Defendant Juan Alvarez moves, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), to reduce his sentence to time served. He states, inter alia, that his medical condition, which requires surgery, and "the on-going delay by the Bureau of Prisons in providing Alvarez the surgery as a result of the COVID-19 pandemic" constitute extraordinary and compelling reasons warranting a reduction of his sentence. Compassionate Release Mem. (ECF No. 1256-1) at 1. He also highlights his efforts in terms of rehabilitation and the fact that he has substantially completed his sentence.

On August 2, 2010, Alvarez plead guilty to Count One of a second superseding indictment which charged him with conspiracy

to possess with the intent to distribute fifty grams or more of cocaine base and an unspecified quantity of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C) and 846.  The Presentence Report concluded that Alvarez was a career offender.  Alvarez was also in Criminal History Category VI because he had accumulated a total of 25 criminal history points.  The Guidelines range included a term of imprisonment in the range of 262 months to 327 months.  On April 2, 2012, the court departed downward from this range and imposed a sentence of, inter alia, 180 months of imprisonment and eight years of supervised release.

In imposing sentence, the court explained that it had determined the sentence for Alvarez after considering the sentences imposed on his co-defendants:

> Very significant to me is the fact that I've looked at the cases of the other defendants who are charged in the indictment with you. I've looked at their specific offense conduct, I've looked at their criminal histories, and I've looked at the sentences that were imposed in their cases and why those specific sentences were imposed in their cases.
>
> . . .
>
> And I have gone back and looked at the other defendants in this case who also had a Criminal History Category VI and I've thought about your situation and their situation in deciding what I think is most appropriate in your case.

4/2/12 Sentencing Tr. (ECF No. 1025) at 20.  The court also explained that while there was a basis for a downward departure,

2

the court had concluded that a departure below 180 months was not appropriate:

> What is most significant in terms of your history and characteristics and the nature and circumstances of the offense is the fact that you have a very extensive and a very serious criminal history. We have to take into account not only the number of convictions, but the amount of time that you've been sentenced to in the past. Based on what you say and what others say about you, it seems as though you are ready to change. And for that reason, a sentence below the guideline range I think is appropriate. But I also have to take into account the fact that it is a bit late in your criminal history, at least, that you decided to change. We cannot simply, and we should not simply, disregard the number of serious offenses that you have in the past and the amount of time that you've been sentenced to in the past because, although you asked for an opportunity to change, the fact of the matter is that you've been given opportunity after opportunity to change. You now seem ready to be taking advantage based on what you say. This is not like a case where a defendant comes in with one or two convictions and then said, "I want an opportunity." You've already been given that opportunity on a number of different occasions.
>
> And although there are favorable things that are mitigating factors in your case that were alluded to by counsel [for] the government and arguments that have been made by your attorney, they are not sufficient to outweigh the serious nature of your criminal history and get you down to a sentence that is the one that your attorney has suggested is appropriate here.
>
> So I will, after weighing all the factors, depart for the reasons set forth by the government in its memorandum, so it will be a guideline sentence but it will not be a departure to the extent that your counsel requested for the reasons I've just elaborated on.

4/2/12 Sentencing Tr. (ECF No. 1025) at 22-23.

The Bureau of Prisons currently calculates the defendant's release date as December 29, 2021, and it is currently

anticipated that he will be released to a residential re-entry center in July 2021.

Section 3582(c)(1)(A) of Title 18 of the United States Code requires as an initial matter that:

> the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A). Assuming a defendant has exhausted administrative remedies, a court may reduce a term of imprisonment under Section 3582(c)(1)(A)(i) if, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i).

Here it is undisputed that the defendant has satisfied the requirement with respect to exhaustion of administrative remedies.

People with certain medical conditions can be more likely to get severely ill if they contract COVID-19. The defendant refers to his medical treatment for asthma. But the medical records from the Bureau of Prisons "indicate that he has been prescribed an Albuterol inhaler instead to address chronic

4

sinusitis." Gov't's Response (ECF No. 1257) at 8.  The latter condition is not listed by the Centers for Disease Control and Prevention as a risk factor for COVID-19.  See Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 18, 2021).

    The defendant relies primarily on the fact that he has been diagnosed with a hernia which requires surgery.  In October 2020, the defendant was offered the opportunity to go to Princeton Community Hospital in Princeton, West Virginia, to have the surgery performed.  "At the time, there was not a serious COVID-19 outbreak at FCI Beckley, but based on local news reports, Alvarez believed there was an active COVID-19 outbreak in Princeton, which was being dealt with at the same hospital where the surgery was to take place.  Alvarez declined surgery out of fear of contracting the COVID-19 virus." Compassionate Release Mem. (ECF No. 1256-1) at 2.  "In November 2020, FCI Berkley began to experience more COVID-19 cases, and shortly thereafter Alvarez contracted COVID-19 while an inmate.  Alvarez has since recovered with some moderate lingering symptoms."  Id. at 3.

    The defendant's hernia surgery has not been rescheduled, and he has been informed by medical staff that it will not

5

likely take place before his anticipated release to a residential re-entry center in July 2021.  See Gov't's Response (ECF No. 1257) at 7-8.  The Bureau of Prisons "medical records document that when Alvarez refused the surgery approximately six months ago, he informed the staff that 'I get out in a couple of months and I'll do it then.'"  Gov't's Response (ECF No. 1257) at 8.  The Bureau of Prisons "has provided a hernia belt to reduce" the risk associated with the hernia and "to alleviate the defendant's discomfort".  Id.  While it is possible for complications to develop with respect to a hernia, there is nothing in the medical records that suggest that the defendant is particularly at risk for complications.  See id.

Nor does it appear that the defendant is more likely to get severely ill if he contracts COVID-19.  Late last year, the defendant contracted COVID-19 and "has since recovered with some moderate lingering symptoms."  Compassionate Release Mem. (ECF No. 1256-1) at 3.  In addition, in March 2021, the defendant received both shots of the Pfizer vaccine.  See Gov't's Response (ECF No. 1257) at 8.

Moreover, the applicable Section 3553(a) factors counsel against reduction of the defendant's sentence.  In imposing sentence, the court placed a good deal of weight on imposing a sentence that was not unduly different from sentences received by defendants with similar records who had been convicted of

similar conduct and the need for the sentence imposed to reflect the serious nature of the offense. See 4/2/12 Sentencing Tr. at 21. The court specifically considered the defendant's arguments for a sentence of imprisonment that was less than 180 months and concluded that such a sentence would not adequately serve the purposes of sentencing that were most important in the defendant's case.

Consequently, the court concludes that, after considering the applicable factors set forth in 18 U.S.C. § 3553(a), the defendant's case does not present extraordinary and compelling reasons warranting a sentence reduction.

It is so ordered.

Signed this 24th day of May 2021 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge